IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

In the Matter of:

Jody May Walters,                                    Case No.  10-00003-als7

              Debtor                            Chapter 7

**MEMORANDUM OF DECISION**
**(date entered on docket: October 1, 2010)**

      Jody M. Walters ("Debtor") filed a voluntary chapter 7 proceeding on January 3, 2010.  Schedule A of the filing sets forth the Debtor's joint interest in: Lots 7 and 8 in COPPER CREEK PLAT NO. 17, an Official Plat in Polk County, Iowa, which has a local address of 1650 Lakeview Drive, Pleasant Hill, Iowa ("Lakeview").  This real estate is claimed as exempt on Schedule C pursuant to Iowa Code sections 561.2, 561.16 and 499A.18[1] in the amount of $350,200.[2]  Bank of the West ("Bank") filed a timely objection to the claim of homestead exemption in the real estate.  At the conclusion of the evidentiary hearing on this matter a briefing deadline was established.  The matter is now fully submitted.

      The court has jurisdiction of these core matters pursuant to 28 U.S.C. sections 157(b) (1) and 1334.  For the reasons set forth herein, the Debtor's Objection is overruled and the Bank's Objection to Exemptions is sustained.

---

[1] Iowa Code section 499A.18 relates to an individual apartment qualifying as a homestead.  This provision will not be addressed because it is not applicable to the facts presented at hearing.

[2] A notation on Schedules A and C indicate that the value is actually $700,400 and the amount shown is the value of the Debtor's interest.

FACTS

For the time period from September 1999 through October 2004 the Debtor identified her homestead as 3437 Scenic Valley Drive in West Des Moines, Iowa. From this home, the Debtor and her husband David Walters (collectively, the "Walters") moved directly to 259 62nd Street which was destroyed by fire in December 2005. After the fire, the Walters temporarily moved to 116 62nd Street in West Des Moines, Iowa where they lived for approximately one year. In September 2006 the couple moved to 3800 Fuller Road in West Des Moines, Iowa ("Fuller"). This house was subject to a substantial mortgage and was returned to the lender in 2008. No proceeds were received by the Walters from the disposition of this real estate.

In August 2007, Lakeview was transferred from Walters Investments International, Inc., d/b/a Walters Homes Ltd. ("WII") to Joseph and Deborah Sloan ("Sloans"), along with a payment of $204,000. The Sloans were also reimbursed for expenses involving Lakeview, including real estate taxes and insurance. Due to the Walters' mounting financial pressures, this transaction was admittedly structured to prevent creditor attachment against Lakeview. Construction of Lakeview proceeded in the Sloans' name but was built at the direction and specifications of David and Jody Walters. Debtor moved from Fuller to Lakeview in July 2008. In June 2009, Lakeview was transferred by quit claim deed from the Sloans to David and Jody Walters.

During the time period of 2000 to 2008, the Debtor jointly owned with her husband several properties located in Florida. The couple owned a home located at 5051 Cerromar Drive in Naples, Florida ("Cerromar") which was purchased in December 2005. The settlement statement related to the sale of this property, dated August 30,

2006, identifies the Sellers as David and Jody Walters with an address of 116 62nd Street, West Des Moines, Iowa. At closing, the Walters received net sale proceeds of $470,908.98.

In 2002 and 2004, the Debtor executed guarantees in favor of Bank of the West related to various loans involving WII. In February 2008, judgments, in excess of two million dollars, were obtained against various Defendants, including Jody Walters pursuant to her guarantees.

## DISCUSSION

Iowa has opted out of the federal exemption provisions, and its residents must utilize state law exemptions in bankruptcy. See Iowa Code § 627.10 (2010). Issues involving the homestead and its exemptions are contained in Iowa Code Chapter 561. Pursuant to Iowa law:

> A person may acquire rights in a new homestead in the following ways: 1) by purchase, with funds not derived from the old homestead, or 2) by changing from one homestead to another by a) exchange or b) purchase of a new homestead with the proceeds of the old.

In re White, 293 B.R. 1, 5 (Bankr. N.D. Iowa 2003) (citations omitted). The parties agree that on the date of her bankruptcy filing Lakeview was the Debtor's homestead. The Debtor contends that her claim of homestead exemption is governed by Iowa Code section 561.20 which provides:

> Where . . . *a new homestead has been acquired with the proceeds of the old*, the new homestead, to the extent in value of the old, is exempt from execution in all cases where the old or former one would have been.

(2010) (emphasis added). Under Iowa law a homestead is generally not subject to execution to satisfy its owner's debts. See Iowa Code § 561.16 (2010). The Bank relies

upon a statutory exception which exposes a homestead to liability for specific types of obligations.

> The homestead may be sold to satisfy debts of each of the following classes: Those contracted prior to its acquisition, but then only to satisfy a deficiency remaining after exhausting the other property of the debtor, liable to execution.

Iowa Code § 561.21(1) (2010). The Bank bears the burden to prove the Debtor's claim of exemption is not proper.

Exemption statutes are to be liberally construed in favor of granting the claimed exemption. See In re Frudden Lumber Co. v. Clifton, 183 N.W.2d 201, 203 (Iowa 1971). However, any liberal interpretation is subject to the plain meaning of the relevant statutes and rules pertaining to statutory construction. See Andover Volunteer Fire Dep't v. Grinnell Mut. Reinsurance, 787 N.W.2d 75 (Iowa 2010); 40 Am. Jur. 2d Homestead § 10 (2010).

The Debtor contends that she had a homestead interest in Florida and utilized sale proceeds from it to obtain Lakeview which renders the pre-acquisition exception unenforceable. Until her personal bankruptcy filing the Debtor claims she has never had to designate a "primary residence." Of importance in this proceeding is the distinction between a homestead and a residence. Iowa law requires that the homestead "embrace the house used as a home by the owner." Iowa Code § 561.1 (2010). If an individual owns more than one house, a selection of which constitutes the homestead must be elected. See id. The terms residence and homestead are not interchangeable. Iowa's statutory characterization of the homestead is most similar to the legal concept of

domicile. There is a clear distinction between a person's domicile and a person's residence.

> As 'domicile' and 'residence' are usually in the same place, they are frequently used as if they had the same meaning, but they are not identical terms, for a person may have two places of residence, as in the city and country, but only one domicile. Residence means living in a particular locality, but domicile means living in that locality with intent to make it a fixed and permanent home. **Residence simply requires bodily presence as an inhabitant in a given place, while domicile requires bodily presence in that place *and* also an intention to make it one's domicile.**

Black's Law Dictionary 1176 (5th ed. 1979) (emphasis added); see also Black's Law Dictionary 1335 (8th ed. 2004). The weight of the evidence supports the conclusion that the Debtor has always considered Iowa as her domicile. An affidavit dated May 17, 2010 and executed by the Debtor states that her "most recent primary residence" prior to Lakeview was the Fuller location.

Over several years the Walters purchased and sold numerous properties in Florida. This practice was discontinued as the housing market declined. The Debtor visited Florida and stayed at properties owned by her and her husband. The record contains no information as to the number or duration of stays during the time period the Debtor claims she lived in Florida. Temporary or sporadic stays at a residence do not create a homestead interest. Specific action and intent are required to establish a homestead exemption in Florida. See Fla. Stat. § 222.01 (2010). See generally Fla. Const. art. VII, § 6 (2010).[3] There is no evidence that the Debtor intended to claim Florida as her domicile.

---

[3] The only indicia of an election to select Florida as a permanent residence was evidenced by David Walters' "Declaration of Domicile" recorded in Collier County Florida on December 5, 2007. By signing this document, David Walters attests to the fact that he resides and maintains a permanent home at 7778 Tommasi Ct. located in Naples, Florida, and his immediate prior residence was Fuller. Three issues are raised by this document. First, the filing date of this document would be the origin of his official

Although the Debtor demonstrates limited knowledge of the family finances, she testified that the Cerromar sale proceeds were utilized to construct Lakeview. David Walters' testimony, as the individual handling personal and business finances of the couple, was inconsistent in this regard. He has stated both that the Cerromar proceeds were "parked" and intended for use in obtaining another property in Florida; and that the proceeds were used in acquiring Lakeview. No evidence is submitted by the Debtor that traces the deposit of funds from Cerromar. It is clear that funds from any and all sources were utilized by Walters in an effort to maintain payments on both personal and business expenses. No records were maintained to overcome the question of whether Cerromar sale proceeds were actually used for purposes other than obtaining Lakeview. After reviewing all testimony and exhibits, there remains no certainty, or detail, as to the actual disposition of funds received from the sale of Cerromar. Even if the Debtor could successfully claim her prior homestead existed in Florida, she has not met the additional requirement under 11 U.S.C. section 561.20 to exempt her interest in Lakeview. See In re White, 293 B.R. 1 (Bankr. N.D. Iowa 2003) (funds must be traceable); Braunger v. Karrer, 563 N.W.2d 1, 4 (Iowa 1997) (proceeds must be reinvested in a homestead to retain exempt status).

The Bank has satisfied its burden of proof to show that Lakeview was obtained after its obligations were incurred and may be liable to execution. The Court declines to accept the Debtor's argument that Lakeview is afforded the protection provided at Iowa Code section 561.20.

---

designation of Florida as a domicile. Second, there is no evidence that the Debtor ever made a similar request to change her domicile to Florida. Finally, it calls into question whether Cerromar can even be considered a homestead under Florida law because David Walters' declaration was not filed until 15 months *after* the sale of Cerromar.

For the reasons set forth herein it is hereby ORDERED that the Bank's Objection to Debtor's claim of homestead exemption is sustained.

It is further ORDERED that any other issues raised by the parties related to the validity of, or any exceptions to, the homestead exemption are deemed moot[4]; to the extent the automatic stay was observed related to enforcement against the Lakeview property it application is now moot and the stay is lifted as a matter of law pursuant to 11 U.S.C. section 362(c)(2)(c).

/s/ Anita L. Shodeen  
Anita L. Shodeen  
U.S. Bankruptcy Judge

Parties receiving this Memorandum of Decision from the Clerk of Court:  
Electronic Filers in this Chapter Case

---

[4] At the conclusion of the hearing, the Court raised the issue of whether, under the circumstances of this proceeding, the Debtor's claim of homestead exemption should be considered in light of 11 U.S.C. section 522(p) which would permit an exemption in the limited amount of $146,450. In the post-hearing briefs both parties argued that this Code provision is inapplicable. Consequently, the Court will not engage in further review of the potential applicability of this provision.